1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

### EASTERN DISTRICT OF CALIFORNIA

8

9  GARY H. BRUSH,                          CASE NO. 1:07-CV-1009-LJO-DLB-PC

10                      Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                           RECOMMENDING THAT PLAINTIFF
11         v.                              PROCEED ONLY ON THE COGNIZABLE
                                           CLAIMS
12  J.WOODFORD, et al.,
                                           (Doc. 19)
13                      Defendants.
    _____/
14

15              **Findings and Recommendations Following Screening**

16  **I.    Screening Requirement**

17         Plaintiff Gary H. Brush ("plaintiff") is a state prisoner proceeding pro se and in forma

18  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and the California Constitution.

19  Plaintiff filed this action on July 16, 2007. (Doc. 1).  On April 15, 2008, this Court dismissed

20  plaintiff's complaint with leave to amend, for failure to comply with Fed. R. Civ. Pro. 18(a).  On

21  June 30, 2008, plaintiff filed a first amended complaint. (Doc. 19).

22         The Court is required to screen complaints brought by prisoners seeking relief against a

23  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    Plaintiff's First Amended Complaint [1]

Plaintiff is incarcerated at Kern Valley State Prison, where the events giving rise to this action allegedly occurred.  Plaintiff names thirty defendants in his amended complaint. Plaintiff seeks money damages and injunctive relief.

### A.    Defendants Harper, Ortiz, and Brummel

Plaintiff states that on May 30, 2005, plaintiff seriously injured his back.  Plaintiff states that defendant Harper refused to summon medical attention for plaintiff.  Plaintiff states that he then filed a grievance, and that on August 19, 2005 and September 1, 2005 defendant Harper refused to give plaintiff his prescribed medication in retaliation for filing prison grievances.  Plaintiff states that defendant Harper's supervisor, defendant Brummel, was also present during the September 1, 2005 incident when defendant Harper refused to give plaintiff his pain medication, and did not do anything about it.

Plaintiff states that on August 11, 2005, plaintiff was in unbearable pain and defendant Ortiz refused to provide plaintiff with medical treatment for hours.

### i.    Eighth Amendment Medical Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may

---

[1] Plaintiff's first amended complaint is 37 pages long, and totals 429 pages with exhibits.  Where practicable, the court has identified each section by the defendants involved in those claims, or by the date of the incident at issue.

be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff states cognizable claims against defendants Harper, Ortiz, and Brummel for violation of the Eighth Amendment.

### ii. Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt, 65 F.3d at 807. The injury asserted in retaliation cases is the retaliatory conduct's chilling effect on the plaintiff's First Amendment rights. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. See Pratt 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

Plaintiff states a cognizable claim for retaliation against defendant Harper, in violation of

plaintiff's First Amendment right to file inmate grievances.

**B.      Defendants Lee and Freeland**

Plaintiff alleges that on August 12, 2005 defendant Lee failed to summon medical attention for plaintiff after he fell down in his cell in pain and was unable to get up.  Plaintiff states that he filed a prison grievance concerning the incident and that defendant Lee assigned plaintiff a violent cellmate in retaliation.  Plaintiff states that he informed defendants Lee and Freeland on numerous occasions that he and his cellmate did not get along, and that they failed to protect him from being assaulted.

### i.      Eighth Amendment Claims

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Hoptowit, 682 F.2d at 1250 (9th Cir. 1982); Farmer v. Brennan, 511 U.S. 825, 833 (1994).  To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety.  Farmer, 511 U.S. at 834.  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety."  Id. at 837.

Plaintiff states a cognizable claim as against defendants Lee and Freeland for violation of Plaintiff's Eighth Amendment rights.

### ii.      Retaliation Claim

Plaintiff states a cognizable claim for retaliation against defendant Lee for violation of his First Amendment right to file grievances.

///

**C.     Defendants Lee, Watts, Josso -  December 25, 2005 Incident**

Plaintiff alleges that on December 26, 2005 defendants Lee, Watts, and Josso conspired and refused to open his cell door to allow plaintiff to get his afternoon medication.   Plaintiff alleges that they opened the cell doors for all the other inmates who also take medication in the afternoon. Plaintiff states that he filed a grievance concerning the incident, and alleges that on December 30, 2005 defendant Watts trashed his cell in retaliation.

**i.     Conspiracy**

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).   "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy.   Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002).   However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).   A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted).   As such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

**ii.     Eighth Amendment Medical Claim**

Plaintiff states a cognizable claim against defendants Lee, Watts, and Josso for violation of his Eighth Amendment rights.

### iii.    Retaliation

Plaintiff states a cognizable claim against defendant Watts for violation of his First Amendment right to file prison grievances.

### D.    Defendant Josso, Tucker, Soares, Rangel, Gonzales and Cano -
### March 16, 2006 Incident

Plaintiff states that on March 16, 2006, defendant Josso opened plaintiff's cell door, and that defendants Tucker, Soares, Rangel, Gonzales and Cano came in and attacked plaintiff.  Plaintiff states that he was kicked and stomped repeatedly. Plaintiff alleges that defendant Tucker instigated the attack in retaliation for plaintiff's litigation activity.

After the attack, plaintiff states that he was brought to the health clinic, where the medical staff refused to treat him.  Plaintiff identifies defendant Coleman as the supervisor of the medical staff.

Plaintiff states that he filed a prison grievance concerning the March 16, 2006 use of excessive force, and that on November 8, 2006, defendant Tucker pushed him into a wall in retaliation.

### i.    Excessive Force Claim

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations

6

omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff states a cognizable claim against defendants Josso, Tucker, Soares, Rangel, Gonzales and Cano.

### ii.    8th Amendment Medical Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500

F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Further, under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Although plaintiff states that the medical staff denied him treatment, he has not linked this deprivation to any of the defendants. Although plaintiff states that the medical staff are supervised by defendant Coleman, he has not alleged any facts indicating that defendant Coleman personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.   Plaintiff fails to state a cognizable claim against defendant Coleman.

### iii.    Retaliation Claim

Plaintiff states a cognizable claim as against defendant Tucker for violation of his First Amendment right to file prison grievances.

///

///

**E.      Defendants King and Cattallano**

Plaintiff states that defendants King and Cattallano came to his cell on July 4, 2006 to take away his wheelchair, despite his protestations that he had a chrono for the wheelchair.  Plaintiff alleges that defendant Cattallano's actions were retaliatory for filing a grievance about the medical staffs' previous refusal to treat him after the March 16, 2006 attack.

Plaintiff states cognizable claims against defendants King and Cattallano for violation of plaintiff's Eighth Amendment rights, and against defendant Cattallano for retaliation.

**F.      Defendants Rangel, Cano, Gonzales, Greene and Govea - September 14, 2006 Incident**

Plaintiff states that on September 14, 2006, he was physically attacked by defendants Rangel, Cano, Gonzales, Greene.  Plaintiff alleges that defendants dragged and dropped him on the f7loor, and that defendants Rangel and Cano began grinding and stamping his neck, face and back with their boots.  Plaintiff states that defendants taunted him for filing prison grievances.

Plaintiff alleges that defendant Govea later coerced, intimidated and threatened plaintiff into making a false statement concerning the September 14, 2006 incident, and threatened him about filing a inmate grievance. Plaintiff alleges a violation of his due process rights and for impeding his access to the courts.

**i.      Excessive Force and Retaliation Claims**

Plaintiff states a cognizable claim for use of excessive force as against defendants Rangel, Cano, Gonzales, and Greene, and for violation of plaintiff's First Amendment right to file prison grievances.

**ii.      Access to the Courts Claim**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996).  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or

'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354, 116 S.Ct. at 2181. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355, 2182. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354, 2181-82 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355, 2182 (emphasis in original).

Plaintiff has alleged no facts that demonstrate that he has suffered an actual injury as a result of defendant Govea's actions. Plaintiff alleges that the was threatened not to file a grievance concerning the September 14, 2006 incident. Plaintiff is pursing that very claim in this action. Given that plaintiff is currently pursuing that claim in this action, plaintiff may not be heard to complain that he has suffered actual injuries with respect to that claim. Until plaintiff suffers some actual prejudice with respect to his suits and this prejudice results from defendant Govea's actions, plaintiff has not suffered an actual injury. At this juncture, plaintiff's access to the courts claims is premature and plaintiff fails to state a cognizable claim as against defendant Govea.

### G.    Defendant Naftzger

Plaintiff alleges that on February 4 2007, defendant Naftzger, while pushing plaintiff's wheelchair too quickly, allegedly caused plaintiff to fall forward from his wheelchair and hit the ground, and that defendant laughed at him. Plaintiff alleges that defendant Naftzger then filed a Rules Violation Report blaming plaintiff for falling out of the wheelchair. Plaintiff contends that defendant's actions were in retaliation for him filing prison grievances.

The fact that defendant may have pushed plaintiff too quickly in his wheelchair, laughed at plaintiff afterwards, and cited plaintiff for a rules violation does not rise to the level of a

constitutional violation. Plaintiff has not sufficiently alleged that defendant knew of and disregarded a serious risk of harm. Farmer. Plaintiff however, states a cognizable claim for retaliation.

### H.   Defendants Scott, Vilaysane, Huckabay, Tucker, Green, and Ahlin

Plaintiff alleges that on July 2, 2007, defendant Scott threatened plaintiff with a rules violation if he did not walk to the chow hall, despite having knowledge of plaintiff's ongoing health problems. Plaintiff states that he attempted to walk but fell down, and that defendant Scott then ordered her staff to take him back to his cell. Plaintiff states that the staff stepped on and kicked him, while in defendant Scott's presence.

Plaintiff further alleges that on June 27, 2007, defendants conspired to take away his wheelchair, in order to refute plaintiff's claims that he was seriously injured as a result of the incidents of excessive force. Plaintiff alleges that defendant Vilaysane took away plaintiff's wheelchair without a physical examination or diagnosis. Plaintiff alleges that defendant Vilaysane was coerced or pressured by defendants Huckabay, Tucker, Scott, Green and Ahlin.

Plaintiff alleges that defendant Ahlin authorized the removal of plaintiff's wheelchair and disability placement, as part of his review of plaintiff's medical grievances. Plaintiff further alleges that defendant Ahlin made false statements as part of the inmate appeals process, and that defendant Ahlin also failed to ensure that the facility was ADA compliant. Plaintiff also generally alleges that defendants are in violation of the Americans with Disabilities Act 42 USCA § 12132 and the Rehabilitation Act, 29 U. S. C. § 794.

### i.   Defendant Scott

With respect to the July 2, 2007 incident, Plaintiff states a cognizable claim as against defendant Scott for violation of plaintiff's Eighth Amendment rights.

### ii.   Conspiracy

To sufficiently plead conspiracy, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted). Plaintiff's bare

11

1    allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give

2    rise to a conspiracy claim under section 1983.

3                            **iii.    ADA and RA Claims**

4          Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act

5    (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039,

6    1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a disability

7    shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

8    services, programs, or activities of a public entity, or be subject to discrimination by such entity."

9    42 U.S.C. § 12132.  Section 504 of the RA provides that "no otherwise qualified individual with a

10   disability . . . shall, solely by reason of her or his disability, be excluded from the participation in,

11   be denied the benefits of, or be subjected to discrimination under any program or activity receiving

12   Federal financial assistance . . . ."  29 U. S. C. § 794.  Title II of the ADA and the RA apply to

13   inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955

14   (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98

15   F.3d 447, 453-56 (9th Cir. 1996).

16         "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a

17   qualified individual with a disability; (2) [he] was excluded from participation in or otherwise

18   discriminated against with regard to a public entity's services, programs, or activities; and (3) such

19   exclusion or discrimination was by reason of [his] disability."  Lovell, 303 F.3d at 1052.  "To

20   establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within

21   the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was

22   denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the

23   benefit or services receives federal financial assistance."  Id.

24         The  treatment, or lack of treatment, concerning Plaintiff's medical condition does not

25   provide a basis upon which to impose liability under the RA or the ADA. Burger v. Bloomberg, 418

26   F.3d 882, 882  (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims);

27   Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to

28   apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th

Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Finally, "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)). Thus, individual liability is precluded under Title II of the Americans with Disabilities Act, and plaintiff may not pursue his ADA claim against the individual defendants named in the complaint.

Plaintiff fails to state any cognizable claims against defendants for violation of the ADA or RA.

### iv.     Eighth Amendment Medical Care Claim

A difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Plaintiff's allegation that defendant Vi laysane's determination that plaintiff no longer required a wheelchair was inconsistent with his previous medical order does not rise to the level of a constitutional violation. At most, plaintiff's allegations support a claim for medical malpractice, which is insufficient to state a claim under section 1983.

### I.     Defendant Herrera

Plaintiff alleges that defendant Herrera violated his due process rights by failing to show a videotape of an incident at plaintiff's RVR hearing. Plaintiff also alleges that on June 29, 2007 defendant also violated plaintiff's Eighth Amendment rights by failing to summon medical assistance after plaintiff fell down.

### i.     Eighth Amendment Medical Care Claim

Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff has not sufficiently

alleged that defendant Herrera "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837.

### ii.    Due Process Clause

Plaintiff alleges that he was denied due process because a videotape was not shown at his RVR hearing. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

### J.    Defendants Igbinosa, Chapnick, Mattingly, Hudson and Grannis

Plaintiff alleges that defendants Igbinosa, Chapnick, Mattingly, Hudson and Grannis were deliberately indifferent to plaintiff's medical needs in their reviews and processing of plaintiff's inmate appeals. Plaintiff also accuses defendant Igbinosa of malfeasance and nonfeasance. Plaintiff states that defendant Hudson has impeded plaintiff's access to the courts. Plaintiff also accuses defendant Grannis of contributing to the barbaric and inhumane environment.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence,

it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

Defendants' actions in responding to plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate that defendants Igbinosa, Chapnick, Mattingly, Hudson and Grannis  violated his rights under federal law.  Accordingly, plaintiff fails to state any claims upon which relief may be granted under section 1983.

### K.   Defendant Martinez

Plaintiff names H. Martinez as a defendant in this action, whom plaintiff alleges is "legally responsible for the appeals at PVSP".  Plaintiff's amended complaint is completely devoid of any allegations whatsoever concerning defendant Martinez.  Notwithstanding this fatal deficiency, as explained above, actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

Plaintiff was previously informed that he must link each named defendant's action to the claimed deprivation of his constitutional rights. Rizzo v. Goode.  (Doc. 15).  Plaintiff has not done so, and fails to state a claim as against defendant Martinez.

### L.   Defendants Yates and Woodford

Plaintiff states that he has written to both defendants Yates and Woodford, and that they have both failed to act. Plaintiff states that both defendants have hired incompetent staff, and that they operate a "barbaric and inhumane" prison facility.

In City of Canton, Ohio v. Harris, 489 U.S. 378 (1989), the Supreme Court held that, under certain circumstances, a municipality may be held liable based on the failure to train its employees. This court finds no authority for the extension of City of Canton and its progeny to a state prison official being sued in his/her personal capacity.  It appears to this court, following a review of the relevant case law, that the cases involving failure to train are limited to suits against city and county entities.

1    Under section 1983, liability may not be imposed on supervisory personnel for the actions

2    of their employees under a theory of respondeat superior.  When the named defendant holds a

3    supervisorial position, the causal link between the defendant and the claimed constitutional violation

4    must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

5    Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for

6    relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the

7    defendant either: personally participated in the alleged deprivation of constitutional rights; knew of

8    the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient

9    that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

10   constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

11   omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

12   Plaintiff has not alleged any facts indicating that defendants personally participated in the

13   alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them;

14   or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

15   constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black at

16   646.

17   **M.    28 C.F.R. §35-134 Claim**

18   Finally, plaintiff alleges that the medical staff defendants are in violation of 28 C.F.R. §35-

19   134, which prohibits retaliation or coercion on the part of state or local government services.   The

20   purpose of Part 35 is to effectuate subtitle A of Title II of the Americans with Disabilities Act of

21   1990 (42 U.S.C. 12131).  28 C.F.R. §35.101.

22    As previously explained, "'Title II of the ADA prohibits discrimination in programs of a

23   public entity or discrimination by any such entity.'"  Roundtree v. Adams, No. 1:01-CV-06502

24   OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128

25   F.Supp.2d 684, 691 (D. Haw. 2000)).  "The ADA defines 'public entity' in relevant part as 'any State

26   or local government' or 'any department, agency, special purpose district, or other instrumentality

27   of a State or States or local government.'"  Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C.

28   § 12131(1)(A)-(B)).   Public entity, "'as it is defined within the statute,  does  not  include

individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)). Thus, individual liability is precluded under Title II of the Americans with Disabilities Act, and plaintiff may not pursue his ADA claim against the individual defendants named in the complaint

**III.    Conclusion**

The court finds that plaintiff's allegations give rise to cognizable claims for relief under section 1983 against defendants Harper, Ortiz, Brummel, Lee, Freeland, Watts, Josso, Tucker, Soares, Rangel, Gonzales, Cano, Greene, Scott, Naftzger, King, and Cattallano.  However, the Court finds that plaintiff's allegations do not give rise to any claims for relief against defendants.  The Court previously provided plaintiff with the opportunity to file an amended complaint, but plaintiff still fails to state a claim for relief as against defendants Govea, Vilaysane, Huckabay, Ahlin, Igbinosa, Chapnick, Mattingly, Hudson, Grannis, Herrera, Martinez, Yates and Woodford.  The Court therefore recommends that plaintiff not be given further leave to amend.

Accordingly, it is HEREBY RECOMMENDED that:

1.    This action proceed only against defendants Harper, Ortiz, Brummel, Lee, Freeland, Watts, Josso, Tucker, Soares, Rangel, Gonzales, Cano, Greene, Scott, Naftzger, King and Cattallano; and

2.    Defendants Govea, Vilaysane, Huckabay, Ahlin, Igbinosa, Chapnick, Mattingly, Hudson, Grannis, Herrera, Martinez, Yates and Woodford be dismissed from this action for plaintiff's failure to state a claim as against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 12, 2008**          **/s/ Dennis L. Beck**

17

1          UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28