UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY H. BRUSH,<br><br>            Plaintiff,<br><br>   v.<br><br>J. HARPER, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-cv-01009-LJO-DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WITHIN THIRTY DAYS WHY **DEFENDANT BRUMMEL** SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE INFORMATION SUFFICIENT TO EFFECT SERVICE<br><br>(Doc. 33) |

Plaintiff Gary H. Brush ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On, September 19, 2008, the court directed the United States Marshal to initiate service of process on defendants J. Harper, Ortiz, Brummel, Lee, Freeland, Watts, Josso, Tucker, Soares, Rangel, Gonzales, Cano, N. Greene, J.L. Scott, J. Naftzger, King, and Cattallano. (Doc. 30.)  However, the Marshal was unable to locate and serve Defendant Brummel, and on October 16, 2008, the Marshal returned the USM-285 form to the Court. (Doc. 33.)

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

///

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the address provided by Plaintiff for Defendant Brummel is no longer accurate, as Defendant Brummel is no longer employed at Pleasant Valley State Prison. The returned unexecuted summons also indicates that defendant Brummel could not be located in the CDC locator database. (Doc. 33.) If Plaintiff is unable to provide the Marshal with current address at which Defendant Brummel can be located, this defendant shall be dismissed from the action, without prejudice. Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Brummel should not be dismissed from the action at this time.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Brummel should not be dismissed from this action; and

///
///
///
///
///

1  ///

2　　　　2.　　　The failure to respond to this order or the failure to show cause will result in a
3　　　　　　recommendation that Defendant Brummel be dismissed from this action.

5　　　IT IS SO ORDERED.

6　　**Dated:**   **November 26, 2008**　　　　　　　　　　/s/ **Dennis L. Beck**
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE