IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY H. BRUSH,<br><br>            Plaintiff,<br><br>    vs.<br><br>J. HARPER, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-cv-01009 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT BRUMMEL FROM ACTION<br><br>(Doc. 38) |

Plaintiff Gary H. Brush ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On, September 19, 2008, the court directed the United States Marshal to initiate service of process on defendants J. Harper, Ortiz, Brummel, Lee, Freeland, Watts, Josso, Tucker, Soares, Rangel, Gonzales, Cano, N. Greene, J.L. Scott, J. Naftzger, King, and Cattallano. (Doc. 30.)  However, the Marshal was unable to locate and serve Defendant Brummel, and on October 16, 2008, the Marshal returned the USM-285 form to the Court. (Doc. 33.) On November 26, 2008, the Court ordered plaintiff to show cause within thirty days why defendant Brummel should not be dismissed from this action. (Doc. 38.) Plaintiff did not file a response to the order.

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

1

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the address provided by plaintiff for defendant Keller is no longer accurate, as the defendant is no longer employed at the facility. (Doc. 33.) Plaintiff was provided with the opportunity to show cause why defendant Brummel should not be dismissed from the action at this time, but failed to do so.

Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), it is HEREBY RECOMMENDED that defendant Brummel be dismissed from this action, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 3, 2009**          **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE