# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BRUSH, | 1:07-cv-01009-LJO-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BE GRANTED |
| v. | |
| HARPER, et al., | |
| Defendants. | (Doc. 59) |
| / | OBJECTION DUE WITHIN 30 DAYS |

## I.      Findings

### A.      Procedural History

Gary Brush ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This is proceeding on Plaintiff's amended complaint, filed June 30, 2008, against defendants Harper, Ortiz, Brummel, Lee, Freeland, Watts, Josso, Tucker, Soares, Rangel, Gonzales, Cano, Greene, Scott, Naftzger, King, and Cattallano ("Defendants"), for alleged retaliation and Eighth Amendment violations.[1]  On December 18,

---

[1]  Plaintiff's amended complaint had also named as defendants Govea, Vilaysane, Huckabay, Ahlin, Igbinosa, Chapnick, Mattingly, Hudson, Grannis, Herrera, Martinez, Yates, and Woodford.  On November 4, 2008, the Court dismissed these defendants from this action for Plaintiff's failure to state a claim upon which relief may be granted.  (Docs. 24, 35.)

1

1    2008, pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil

2    Procedure,  Defendants Naftzger, Soares, Scott, Tucker, and Freeland moved for dismissal of the

3    entire action, and defendants Lee, Jasso, Rangel, Gonzales, and Cano moved for dismissal of

4    some of the claims for failure to exhaust available administrative remedies.  (Doc. 59.)

5         Plaintiff did not file an opposition to Defendants' motion to dismiss.[2]

6         **B.      Motion to Dismiss For Failure to Exhaust Administrative Remedies**

7              **1.      Legal Standard**

8         Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

9    respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

10   confined in any jail, prison, or other correctional facility until such administrative remedies as are

11   available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

12   administrative remedies prior to filing suit.  Jones v. Bock, 127 S. Ct. 910, 918-19 (2007);

13   McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required

14   regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

15   Booth v. Chruner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all

16   prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

17        Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

18   defense under which defendants have the burden of raising and proving the absence of

19   exhaustion.  Jones, 127 S. Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

20   The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to

21   an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d

22   at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th

23   Cir. 1988) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative

24   remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Wyatt,

25

26        [2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion
     on September 19, 2008.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 30-2.) On January 23,
27   2009, Plaintiff sought an extension of time to file an opposition to Defendants' motion to dismiss.  (Doc. 63.)  On
     January 30, 2009, the Court found that Plaintiff did not timely file and serve his request for an extension of time, and
28   denied Plaintiff's motion.  (Doc. 64.)

1  315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust administrative

2  remedies, the proper remedy is dismissal without prejudice.  Id.

3      The California Department of Corrections has an administrative grievance system for

4  prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2007).  The process is initiated by

5  submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including

6  the informal level, first formal level, second formal level, and third formal level, also known as

7  the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days

8  of the event being appealed, and the process is initiated by submission of the appeal to the

9  informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  In

10  order to satisfy section 1997e(a), California state prisoners are required to use this process to

11  exhaust their claims prior to filing suit.  Woodford v. Ngo, 126 S. Ct. 2378, 2383 (2006);

12  McKinney, 311 F.3d at 1199-1201.

13          **2.      Retaliation Claim against Lee, and Eighth Amendment claim against
                     Lee and Freeland**
14

15      Plaintiff's amended complaint is proceeding against Defendants Lee and Freeland for an

    Eighth Amendment violation, and against Lee for retaliation.  (Doc. 24, Findings and
16
    Recommendations, 4:2-27.)  Plaintiff alleges that Lee assigned a violent cellmate to Plaintiff's
17
    cell in retaliation for Plaintiff filing a failure to summon medical attention on August 12, 2005.
18
    (Doc. 19, p. 10:24-11:15.)  Plaintiff also alleges that he informed Lee and Freeland on numerous
19
    occasions that he and his cellmate did not get along, but Lee and Freeland did nothing.  (Id.)
20
        Defendants contend that Plaintiff did not file an appeal regarding these claims, and did
21
    not exhaust any such appeals at the Director's level.  (Doc. 59-2, Exh. A, Herrera Decl., ¶ 6; Exh.
22
    B, Grannis Decl., ¶ 9.)  Plaintiff filed no opposition.
23
        The Court finds that Defendants have met their burden to show that Plaintiff has failed to
24
    exhaust administrative remedies regarding his retaliation claim against Lee and his Eighth
25
    Amendment claim against Lee and Freeland.
26
    //
27
    //
28
                                    3

### 3. Eighth Amendment Claim Against Jasso, Tucker, Soares, Rangel, Gonzales, and Cano, and Retaliation Claim Against Tucker

Plaintiff alleges that on March 16, 2006, defendant Josso opened Plaintiff's cell door, and that defendants Tucker, Soares, Rangel, Gonzales, and Cano came in and attacked Plaintiff. (Doc. 19, pp. 12-16, ¶¶ 6-11.) Plaintiff alleges that he was kicked and stomped repeatedly. (Id.) Plaintiff alleges that defendant Tucker instigated the attack in retaliation for Plaintiff's litigation activity. (Id. at ¶ 7.)

Defendants contend that Plaintiff did not file an inmate appeal for this incident and did not exhaust any such appeal at the Director's level. (Doc. 59-2, Exh. A, ¶ 6; Exh. B, ¶ 9.) Plaintiff filed no opposition.

The Court finds that Defendants have met their burden to demonstrate that Plaintiff has failed to exhaust administrative remedies regarding his Eighth Amendment claim against Jasso, Tucker, Soares, Rangel, Gonzales, and Cano and his retaliation claim against Tucker.

### 4. Retaliation Claim Against Naftzger

Plaintiff alleges that on February 4, 2007, defendant Naftzger pushed Plaintiff's wheelchair too quickly, allegedly causing Plaintiff to fall forward from his wheelchair and hit the ground, and that defendant laughed at him. (Doc. 19, pp. 17-18, ¶ 13.) Plaintiff alleges that defendant Naftzger filed a Rules Violation Report blaming Plaintiff for falling out of the wheelchair. (Id.) Plaintiff contends that defendants actions were in retaliation for him filing prison grievances. (Id.)

Defendants contend that Plaintiff did not exhaust his appeal concerning this incident until after he filed his original complaint on July 16, 2007. (Doc. 59-2, Exh. B, ¶ 11.)

"[A]n action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk . . . ." Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting Ford v. Johnson, 362 F.3d 395, 400 (7th Cir. 2004)). Here, Plaintiff filed his original complaint ion July 16, 2007. (Doc. 1.) Defendants submit evidence that Plaintiff exhausted his administrative remedies regarding this retaliation claim on October 3, 2007. (Doc. 59-2, Exh. B, ¶ 11, and Exh.

B-3, pp.24-25.)  As stated previously, prisoners are required to exhaust the available

administrative remedies prior to filing suit.  Jones, 127 S. Ct. at 918-19.  The Court finds that

Defendants have met their burden to demonstrate that Plaintiff failed to exhaust administrative

remedies prior to filing suit for Plaintiff's retaliation claim against defendant Naftzger.

### 5.    Eighth Amendment Claim Against Scott

Plaintiff alleges that on July 2, 2007, defendant Scott threatened Plaintiff with a rules

violation if he did not walk to the chow hall.  (Doc. 19, pp. 19-20, ¶ 19.)  Plaintiff attempted to

walk, but fell down.  (Id.)

Defendants contend that Plaintiff only exhausted after he filed suit.  (Doc. 59-2, Exh. B, ¶

12.)  Defendants submit as evidence Appeal Number PVSP 07-03184 and PVSP 07-01206.

(Doc. 59-2, Exh. B-1 and B-2.)  Appeal Number PVSP 07-01206 concerns a request for transfer

to a medical facility because Plaintiff is wheelchair bound.  (Id., Exh. B-1.)  Appeal Number

PVSP 07-03184 concerns the denial of Plaintiff's wheelchair access and the rules violation

reports he received.  (Id., Exh. B-2.)  Director's level review was not completed until November

13, 2007, and August 20, 2008, respectively.  (Id., Exh. B-1 and B-2.)  It is unclear whether these

appeals concern Plaintiff's allegations against Scott.  Even if they do, Plaintiff did not exhaust

administrative remedies until after he filed suit as required by law.  Jones, 127 S. Ct. at 918-19.

Regarding Plaintiff's Eighth Amendment claim against Scott, the Court finds that Defendants

have met their burden to show that Plaintiff failed to exhaust administrative remedies prior to

filing suit.

## II.    Recommendations

For the foregoing reasons, the Court HEREBY RECOMMENDS that:

1.    Defendants' motion to dismiss for failure to exhaust available administrative

remedies, filed on December 18, 2008, should be GRANTED;

2.    Defendants Freeland, Scott, Tucker, Soares, and Naftzger should be DISMISSED

from this action without prejudice;

3.    Plaintiff's claim against defendant Lee for retaliation and failure to protect should

1    be DISMISSED without prejudice; and

2    4.    Plaintiff's claim against defendants Jasso, Rangel, Gonzales, and Cano for

3          excessive force should be DISMISSED without prejudice.

4    These Findings and Recommendations will be submitted to the United States District

5    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

6    **thirty (30) days** after being served with these Findings and Recommendations, the parties may

7    file written objections with the Court.  The document should be captioned "Objections to

8    Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

9    objections within the specified time may waive the right to appeal the District Court's order.

10   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12       IT IS SO ORDERED.

13       **Dated:    March 9, 2009              /s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28