**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY H. BRUSH,<br><br>        Plaintiff,<br><br>    v.<br><br>FARBER-SZEKRENYI, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-01009-LJO-DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT WATTS FOR FAILURE TO PROVIDE INFORMATION SUFFICIENT TO EFFECT SERVICE OF PROCESS<br><br>(Doc. 84) |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this in this civil rights action pursuant to 42 U.S.C. § 1983. On January 21, 2009, the Court issued an order requiring Plaintiff to furnish information sufficient to effect service on Defendant Watts. (Doc. 61.) On February 27, 2009, Plaintiff filed his response to the order. (Doc. 70.) On July 22, 2009, the Court discharged the order to show cause and directed the United States Marshal to attempt re-service of the amended complaint on Defendant Watts. (Doc. 83.) On October 9, 2009, the United States Marshal submitted notice that its second attempt to serve Defendant Watts was unsuccessful. (Doc. 84.)

    Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

    In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon

1

order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, Plaintiff provided further information regarding Defendant Watts's work assignment. However, this information was insufficient for the United States Marshal to serve process upon Defendant Watts. Attempts to forward the amended complaint via United States mail were also unsuccessful.

Accordingly, the Court HEREBY RECOMMENDS that pursuant to Federal Rule of Civil Procedure 4(m), Defendant Watts be dismissed from this action, without prejudice, based on Plaintiff's failure to provide the Marshal with information sufficient to effect timely service of the summons and complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to

//
//
//
//

1  Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file
2  objections within the specified time may waive the right to appeal the District Court's order.
3  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   Dated:   **October 20, 2009**          **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE