# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY H. BRUSH,<br><br>        Plaintiff,<br><br>   v.<br><br>J. WOODFORD, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:07-cv-01009-LJO-SMS PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR A TEN DAY EXTENSION OF TIME<br><br>(Doc. 128)<br><br>ORDER NOTIFYING PLAINTIFF OF WITNESS FEES AND COSTS DUE TO SUBPOENA UNINCARCERATED WITNESSES WHO REFUSE TO TESTIFY VOLUNTARILY<br><br>(Doc. 129) |

       Plaintiff Gary H. Brush ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is set for jury trial on August 29, 2011, before the Honorable Lawrence J. O'Neill. Pursuant to the Court's scheduling order filed on April 6, 2011, Plaintiff was informed that if he wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, he must submit money orders for the witnesses to the Court no later than June 6, 2011. (Doc. 124, 4:3-24.)

       On May 9, 2011, Plaintiff filed a pretrial statement with the names and locations of seven unincarcerated witnesses he wishes to have testify at trial. Four of the witnesses are or were employed at Pleasant Valley State Prison, one is employed by the California Department of Corrections and Rehabilitation, and two are private physicians. On May 11, 2011, Plaintiff submitted a motion for an extension of time. (Doc. 128.) On May 12, 2011, Plaintiff filed a motion for a court order requiring the attendance of witnesses, identifying four unincarcerated witnesses he

intends to call at trial.[1] (Doc. 129.) Initially, the Court will grant Plaintiff's motion for an extension of time.

Plaintiff is notified that for each witness, he must submit a money order, made payable to the witness, to the Court. Since Plaintiff was not notified of the amount of the witness fees prior to the date in the scheduling order, the Court will extend time and the witness fees must be submitted to the Court by July 18, 2011. To obtain the attendance of Licensed Vocational Nurse Hall and Correctional Officer Long, Plaintiff will need to submit a money order, for each witness, in the amount of $101.20.[2] No witness will be served with a subpoena absent the timely submission of a money order.

It appears to the Court that Plaintiff may have misunderstood the scheduling order. Plaintiff has identified witnesses; Dr. Igbinosa, Dr. Rahimifar, Dr. W. Thomas, Dr. Diep, and Dr. Brian Grossman; to testify at trial. Plaintiff has failed to provide sufficient information to determine the relevance of these witnesses in this action. These are witnesses that may potentially command expert witness fees. Plaintiff's motion does not suggest his ability to compensate these witnesses or indicate their involvement in the incidents alleged. Before any additional court resources are expended, Plaintiff will need to provide an offer of proof as to the relevance of these witnesses and his ability to compensate them.

For each physician witness, Plaintiff will need to inform the Court of the witness' involvement in the incidents alleged and their anticipated testimony. For example, while Plaintiff states that Dr. Diep and Dr. Rahimifar are expected to testify to the seriousness of his injuries, it is not clear if these individuals treated Plaintiff or if he is planning to use them as experts. Once it is determined that a subpoena will be issued, the Court will notify Plaintiff of the amount that needs to be tendered for each witness. Additionally, Plaintiff indicates that he has retained Dr. Grossman as an expert. The Court does not need to issue a subpoena for witnesses that are voluntarily

---

[1] Plaintiff identified Dr. Brian Grossman in his motion for the attendance of witnesses, however the Court notes he is not listed on Plaintiff's witness list in his pretrial statement.

[2] The daily witness fee of $40.00, plus $61.20 for round trip mileage for one day. 28 U.S.C. § 1821. It is 120 miles, round trip, from Pleasant Valley State Prison to the courthouse, and the current mileage reimbursement rate is 51 cents per mile.

2

appearing for Plaintiff.

Finally, to the extent Plaintiff is unsure where the witness is currently located, the Court and the Marshal cannot and will not conduct an investigation on Plaintiff's behalf. Ascertaining the location of Plaintiff's non-incarcerated witnesses is Plaintiff's responsibility. If Plaintiff submits the money orders as required, the Court will direct the Marshal to serve the witnesses at the location provided by Plaintiff.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time, filed May 11, 2011, is GRANTED;

2. If Plaintiff wishes to have Licensed Vocational Nurse Hall and Correctional Officer Long served with summonses to testify at trial, he must submit, for *each* witness, a money order made out to that witness in the amount of $101.20 by July 18, 2011. <u>The Court cannot accept cash, and the money orders may not be made out to the Court. The money orders must be made out in the witness's name</u>; and

3. If Plaintiff wishes to have physician witnesses served with a summons, he must, within fourteen days from the date of service of this order, file an offer of proof as to the relevance of the individual witnesses and Plaintiff's ability to compensate them.

IT IS SO ORDERED.

**Dated:   June 8, 2011**                           /s/ Sandra M. Snyder
                                                            UNITED STATES MAGISTRATE JUDGE