# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY H. BRUSH,<br><br>            Plaintiff,<br><br>      v.<br><br>J. WOODFORD, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-cv-01009-LJO-SMS PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES<br><br>(ECF No. 129)<br><br>FIFTEEN DAY DEADLINE |

**I.      Procedural History**

Plaintiff Gary H. Brush ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is set for jury trial on August 29, 2011. Plaintiff filed a motion for the attendance of incarcerated witnesses on May 12, 2011.[1] (ECF No. 129.) Defendants filed an opposition on June 6, 2011. (ECF No. 130.)

**II.     Motion for Attendance of Incarcerated Witnesses**

Plaintiff seeks the attendance of seventeen incarcerated witnesses. Defendants oppose Plaintiff's motion on the ground that Plaintiff's witnesses would offer needlessly duplicative testimony. The cost of having each inmate transported would be unduly burdensome and expensive and having this many inmates at trial would pose a security risk. Defendants argue that inmate Valfanua can testify to three of the five incidents alleged, which eliminates the need to transport, house, and supervise seven of the inmates he requests. Therefore, Defendants request the Court to

---

[1] In his motion Plaintiff included a section on unincarcerated witnesses who have not agreed to testify. The Court has addressed the unincarcerated witnesses by separate order issued June 9, 2011. (ECF No. 132.)

1

grant the request for inmate Valfanua to testify and deny the request for inmates Villiers, Tobey, Wellwood, Reed, Umanfor, Cagadas, and Abeyta. Additionally, Plaintiff requests four inmates, Bauerer, Noble, Morales, and Samano, to testify regarding one incident and two inmates, Serrano and Washington, to testify about another incident. Defendants request that Plaintiff be limited to one inmate witness for each incident. Finally, Plaintiff seeks the attendance of inmate Exmundo, whose testimony is irrelevant, and inmate Weaver who has not agreed to voluntarily testify and these requests should be denied.

### A. Legal Standard

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude the Court from ordering their transportation. Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995).

### B. Discussion

This action is proceeding on Plaintiff's first amended complaint against Defendant Harper for refusing to provide Plaintiff with his pain medication on August 11, 2005, August 19, 2005, and September 1, 2005; Defendant Lee for failing to summon medical attention after Plaintiff fell down; Defendants Lee and Jasso for refusing to give him medication on December 26, 2005; Defendants King and Cattallano for taking away Plaintiff's wheelchair on July 4, 2006; Defendants Rangel, Cano, Gonzales, and Green for excessive force on September 14, 2006; and Defendants Harper,

Cattallano, Rangel, Cano, Gonzalez, and Greene for retaliation.[2] Plaintiff asserts that he has declarations from the witnesses, however, he has not provided the declarations, but briefly states the testimony of each witness.

The witnesses will be considered in the context of the event that Plaintiff alleges the witness has knowledge. The Court will use its discretion and limit Plaintiff to two witnesses per claim. See Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) (trial courts have wide discretion to limit the presentation of cumulative evidence); Cummings v. Adams, No. CV F 03 5294 DLB, 2006 WL 449095, *3 (E.D.Cal. Feb. 12, 2006) (proposed inmate witnesses limited to three of six due to cumulativeness). The motion for the attendance of the witness will be granted or denied for the specific incidents alleged. Granting Plaintiff's motion for the attendance of the witness will allow the witness to testify only to the events for which his attendance has been granted.

          1.    Defendant Harper's refusal to provide Plaintiff with his pain medication on August 19 and September 1, 2005

Plaintiff requests the attendance of inmates E. Baurer, V-01219; J. Noble, K-12864; V. Morales, D30561; and M. Samano, K-59319, to testify that Defendant Harper did not provide Plaintiff with his medication.

Inmate Baurer was Plaintiff's cellmate and would testify that he heard Plaintiff request medication from Defendant Harper and Defendant Harper refused to give Plaintiff his pain medication. Inmate Noble was Plaintiff's neighbor and personally saw and heard Defendant Harper refuse to give Plaintiff his pain medication. The motion fails to establish when these observations occurred.

Inmates V. Morales, D-30561, and M. Samano, K-59319, signed a group declaration that Defendant Harper passed out medications in the building. There is no evidence that these two inmates have any personal knowledge of Plaintiff being denied medication on August 19 or

---

[2] On April 1, 2009, an order issued dismissing Defendant Brummel from the action. (ECF No. 75.) On July 16, 2009, an order issued dismissing Defendants Freeland, Scott, Tucker, Soares and Naftzger; and dismissing Plaintiff's claims against Defendant Lee for failure to protect and retaliation;and Defendants Jasso, Rangel, Gonzales, and Cano for excessive force on March 16, 2006, from the action. (ECF No. 81.) On November 30, 2009, Defendant Watts was dismissed from the action. (ECF No. 86.) On March 30, 2011, an order issued granting summary judgment in favor of Defendant Ortiz. (ECF No. 123.)

3

September 1, 2005. While Plaintiff's motion states that on numerous occasions he was denied medication, this action is proceeding only on the claims found cognizable in the screening order. The information provided by Plaintiff fails to establish that any of the requested witnesses have personal knowledge of the two incidents alleged in his complaint. **Because Plaintiff has failed to establish that the requested inmates possess information relevant to the incidents at issue here, Plaintiff's motion for the attendance of Baurer, Noble, Morales, and Samano is denied.**

        2.      <u>Defendant Lee's failure to summon medical attention after Plaintiff fell down</u>

Plaintiff requests the attendance of inmates M. Valfanua, J-37350, and Weaver, E-74285, to testify that Defendant Lee did not respond to his call of man down and left. Inmate Weaver has not agreed to testify voluntarily. Plaintiff states that inmate Weaver was his cellmate during several of the incidents alleged in this action, including this incident. Inmate Weaver is afraid to testify because he has been subject to harsh treatment in the past when he testified against prison officials. Additionally, inmate Weaver can easily be swayed to change his testimony when slight pressure is applied. Inmate Weaver is currently housed at Pleasant Valley State Prison. Since inmate Weaver has not volunteered to testify and Plaintiff asserts that his testimony will not be reliable as he is easily swayed, the Court finds the inconvenience and expense of transporting inmate Weaver would outweigh any benefit he could provide. **Since there is another witness to this event who is willing to testify, Plaintiff's motion for the attendance of inmate Weaver is denied.**

Inmate Valfanua would testify that he heard Plaintiff yell man down on August 12, 2005, and that Defendant Lee left without pushing the alarm. This testimony would be relevant to Plaintiff's claim against Defendant Lee. Inmate Valfanua is currently housed at Pleasant Valley State Prison and requiring his appearance at trial would not require him to be transferred. **Since inmate Valfanua does have personal knowledge of the claim at issue, Plaintiff's motion for his attendance at trial is granted.**[3]

        3.      <u>Defendants Lee and Jasso's refusal to give Plaintiff medication on December 26, 2005</u>

---

[3] The Court has no information before it concerning the security risks or the inmates' release dates, if any. Therefore, those factors will not be considered in deciding Plaintiff's motions. <u>Wiggins</u>, 717 F.2d at 468 n.1.

1  Plaintiff requests the attendance of inmates R. Cagadas, C-17947; B. Abeyta, P-61896; M.
2  Valfauna, J-22618; and M. Wellwood, T-37350, to testify that Defendants Lee and Jasso refused to
3  open his door on December 26, 2005, and other dates.
4  Inmate M. Valfauna would testify that he observed Defendants refuse to open Plaintiff's door
5  on numerous occasions. Plaintiff fails to establish that inmate Valfauna has any personal knowledge
6  of the events that occurred on December 26, 2005. **Because Plaintiff has failed to establish that**
7  **inmate Valfauna possesses information relevant to the incident at issue here, Plaintiff's motion**
8  **for the attendance of inmate Valfauna is denied.**
9  Inmate Cagadas would testify that on December 26, 2005, he saw Plaintiff flag his cell, call
10 for his cell to be opened so he could get his pain medication, and that Defendants Lee and Jasso
11 refused to let him out. Inmate Abeyta would testify that he heard Plaintiff ask Defendants Lee and
12 Jasso to open his door on December 26, 2005, so he could get his pain medication and they refused
13 to open Plaintiff's cell door. Inmate Wellwood would testify that he observed that Defendants Lee
14 and Jasso did not open Plaintiff's door on December 26, 2005. The testimony of these inmates is
15 relevant to Plaintiff's claims in this action. Inmates Cagadas and Abeyta are currently housed at
16 Pleasant Valley State Prison so requiring their attendance at trial would not require them to be
17 transferred. Inmate Wellwood is currently housed at Mule Creek State Prison, so requiring his
18 attendance at trial would require him to be transferred to an institution closer to the courthouse.
19 The testimony of inmates Cagadas and Abeyta is similar to, although more detailed, than that
20 of inmate Wellwood. Since the testimony of these three witnesses would be cumulative, the
21 inconvenience and expense of transporting inmate Wellwood would outweigh any benefit he could
22 provide. **Therefore, Plaintiff's motion for the attendance of inmate Wellwood is denied, and**
23 **the motion for the attendance of inmates Cagadas and Abeyta is granted.**
24  4.  <u>Defendants King and Cattallano taking away Plaintiff's wheelchair on July</u>
25  <u>4, 2006</u>
26 Plaintiff requests the attendance of inmates A. Serrano, J-27946, and Washington, V-23320,
27 to testify that Defendants King and Cattallano confiscated his wheelchair on July 4, 2006. Both
28 inmates were present and observed the wheelchair being taken from Plaintiff. The testimony of these

inmates is relevant to the claims in this action. Inmates Serrano and Washington are currently housed at Pleasant Valley State Prison and requiring their attendance will not require them to be transferred. **Plaintiff's motion for inmates Serrano and Washington to be transported for trial is granted.**

      5.  Defendants Rangel, Cano, Gonzales, and Green's use of excessive force on September 14, 2006

Plaintiff requests the attendance of inmates E. Villiers, D-96687; A. Serrano, J-27946; Washington, V-23320; M. Wellwood, T-37350; Reeder, H-73687; Valfanua, J-22618; and J. Umanfor, J-80196; to testify that Defendants used excessive force against him on September 14, 2006. Additionally, Plaintiff requests the attendance of former inmates Tobey and Milton. **Since Tobey and Milton are no longer in custody, Plaintiff's motion for their attendance is denied.** Additionally, Plaintiff has failed to provide any information as to what inmate Reeder's testimony would be. **Therefore, the Court is unable to determine the relevancy of his testimony and the motion for the attendance of inmate Reeder is denied.**

Inmate Villiers will testify that he observed Defendants "body slam" Plaintiff on the floor and drag him by the wrists to the covered walkway. Inmates Serrano, Washington, Wellwood, Valfanua, and Umanfor would all testify that Defendants used excessive force against Plaintiff on September 14, 2006. The testimony of these inmates would be relevant to Plaintiff's claim of excessive force.

Inmate Villiers is currently housed at Richard J. Donovan Correctional Facility and requiring his attendance will require him to be transferred to a facility closer to the courthouse. As previously discussed, ordering inmate Wellwood's attendance would require him to be transferred to another institution. Inmate Umanfor is currently housed at Pleasant Valley State Prison and requiring his attendance at trial would not require him to be transferred.

Plaintiff's motion for the attendance of all six inmates is denied because their proposed testimony is cumulative. See Zivkovic, 302 F.3d at 1088. Inmates Villiers and Wellwood are currently housed at prisons which are significant distances from the courthouse. Taking into account the disruption caused by prison transfers, and the expense and administrative burden incurred by the

6

State in transporting inmates long distances, the Court declines to grant the motion as to inmates Villiers and Wellwood, absent a showing by Plaintiff that he requires one or both inmates to be part of the two transported for trial. Inmates Serrano, Washington, Valfanua, and Umanfor are housed at prisons within fairly close proximity to the courthouse. **Therefore, between inmates Serrano, Washington, Valfanua, and Umanfor, Plaintiff shall select two to testify at trial and must notify the Court of his selection within fifteen days.**

### 6. Inmate Exmundo

Plaintiff also requests the attendance of inmate E. Exmundo, H-25509, who would testify that prison officials refused to summon medical care on numerous occasions after his wheelchair was taken; Plaintiff was retaliated against after he filed this action; prison officials used excessive and unnecessary force when Plaintiff requested medical care and refused to summon emergency medical care; and false disciplinary reports were filed. Plaintiff has failed to demonstrate that inmate Exmundo possesses any information regarding the incidents at issue in this action or that any of these alleged observations involved any of these defendants. As previously stated, this action is proceeding only on the claims found cognizable in the screening order and inmate Exmundo would be testifying to events that occurred after Plaintiff filed this complaint. **Plaintiff has failed to establish that inmate Exmundo possesses any personal knowledge that would be relevant in this action and Plaintiff's request for the attendance of inmate Exmundo is denied.**

### 7. Miscellaneous Inmates

Finally, Plaintiff states that he has numerous declarations, citizen complaints, and lawsuits filed by other inmates against Defendants. These inmates have indicated that they are willing to appear at trial. Plaintiff was informed of the procedures for requesting the attendance of incarcerated witnesses and the deadline for filing his motion has now passed. Plaintiff failed to include any information on these potential witnesses and, therefore, the Court is unable to determine who the inmates are or if they possession information relevant to this action. **Accordingly, the motion for the attendance of additional witnesses is denied.**

///

///

### III. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of incarcerated witnesses is GRANTED IN PART AND DENIED IN PART as follows:

   a. Plaintiff's motion for the attendance of inmates Baurer, Noble, Morales, Samano, Weaver, Wellwood, Reeder, Villiers, and Exmundo, and former inmates Tobey and Milton is DENIED;

   b. Plaintiff motion for the attendance of inmates Valfanua, Cagadas, Abeyta, Serrano, and Washington is GRANTED, and they will be allowed to testify to the specific incidents as discussed herein;

2. Inmates Serrano, Washington, Valfanua, and Umanfor are eligible to testify on Plaintiff's behalf on the use of excessive force on September 14, 2006, and within **fifteen (15) days** from the date of service of this order, Plaintiff shall notify the Court which two he wishes to have transported for trial;

3. Orders directing the attendance of inmates R. Cagadas, C-17947; B. Abeyta, P-61896; M. Valfauna, J-22618; A. Serrano, J-27946; and Washington, V-23320 will be issued closer to the trial date; and

4. If Plaintiff fails to comply with this order, the Court will select his two inmate witnesses for him.

IT IS SO ORDERED.

**Dated:**    **June 13, 2011**                    /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE