# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY H. BRUSH,<br><br>            Plaintiff,<br><br>     v.<br><br>J. WOODFORD, et al.,<br><br>            Defendants.<br>                                                             / | CASE NO. 1:07-cv-01009-LJO-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 122) |

Plaintiff Gary H. Brush ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint against Defendant Harper for refusing to provide Plaintiff with his pain medication on August 11, 2005, August 19, 2005, and September 1, 2005; Defendant Lee for failing to summon medical attention after Plaintiff fell down; Defendants Lee and Jasso for refusing to give him medication on December 26, 2005; Defendants King and Catalano for taking away Plaintiff's wheelchair on July 4, 2006; Defendants Rangel, Cano, Gonzales, and Green for excessive force on September 14, 2006; and Defendants Harper, Catalano, Rangel, Cano, Gonzalez, and Greene for retaliation. On March 25, 2011, Plaintiff filed a motion for a temporary restraining order requiring that he be provided with adequate pain medication, be provided with the plan of treatment previously prescribed by a specialist, be referred immediately to a specialist and be required to provide the treatment the specialist recommends. Plaintiff alleges that his medical providers are not providing him with pain medication and his appointments with specialists and for testing are being cancelled.

"A temporary restraining order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." Whitman v. Hawaiian Tug and Barge Corp./Young Bros. Ltd. Salaried Pension Plan, 27 F.Supp.2d 1225, 1228 (D. Haw. 1998). The factors considered for issuing a temporary restraining order are the same as the standards for issuing a preliminary injunction. Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008).

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The claims that are proceeding in this action are for individual incidents where correctional officers failed to provide Plaintiff with his pain medication, confiscated his wheel chair, and used excessive force. The pendency of this action does not confer on the Court jurisdiction to issue an order directing Plaintiff's medical providers, who are not defendants in this action, to grant the relief requested. Additionally such an order would not remedy the underlying legal claim, which involves Defendants' past conduct. 18 U.S.C. § 3626(a)(1)(A); <u>Summers</u>, 129 S. Ct. 1142 at 1149; <u>Mayfield</u>, 599 F.3d at 969. Accordingly, Plaintiff's motion for a temporary restraining order is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   June 24, 2011**                    /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE