# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY H. BRUSH,<br><br>            Plaintiff,<br><br>    v.<br><br>J. WOODFORD, et al.,<br><br>            Defendants.<br>_____ / | CASE NO. 1:07-cv-01009-DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES<br><br>(ECF No. 139, 148, 158)<br><br>FIFTEEN DAY DEADLINE |

## I.    Procedural History

Plaintiff Gary H. Brush ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed June 30, 2008, against Defendants J. Harper, Lee, Jasso, King, and Catalano for deliberate indifference in violation of the Eighth Amendment; and Defendants Rangel, Gonzales, Cano, and N. Greene for excessive force on September 14, 2006, in violation of the Eighth Amendment; and Defendants J. Harper, Rangel, Gonzales, Cano, and N. Greene for retaliation in violation of the First Amendment. A jury trial in this matter is set for November 1, 2011.

On June 13, 2011, an order issued granting in part and denying in part Plaintiff's motion for the attendance of incarcerated witnesses. (ECF No. 133.) The Court limited Plaintiff to two witnesses per incident and Plaintiff was to notify the Court within fifteen days which witnesses he wished to have testify at trial. Plaintiff filed a notice of the witnesses he wished to have brought for trial and a motion for reconsideration of the order granting in part his motion for the attendance of

1  incarcerated witnesses on July 5, 2011. (ECF No. 139.) Defendants filed an opposition on July 18,
2  2011. (ECF No. 148.) Plaintiff filed a reply on July 12, 2011. (ECF No. 158.)

**II.   Discussion**

Initially, Plaintiff has chosen to have Inmates J. Umanzor and A. Serrano testify to the alleged use of excessive force that occurred on September 14, 2011. The Court has previously granted Plaintiff's request for their attendance at trial. Any witness appearing at trial will be allowed to offer relevant testimony to events about which he has personal knowledge to the extent that the testimony is not cumulative or subject to objections by Defendants. Plaintiff requests that the Court reconsider allowing inmates Villiers, Reeder, Wellwood, and Exmundo to testify at trial.[1]

Plaintiff argues that the Court incorrectly made wrong determinations as to what the witnesses had seen or heard and there are some things that only a specific witness would be able to testify about. Plaintiff requests that the Court allow inmates Villiers, Reeder, Wellwood and Exmundo to testify at trial by video conference to satisfy the security and cost concerns of transporting the inmates. Additionally, Plaintiff makes allegations that witnesses have been "compromised" or "influenced" by Defendants "through intimidations, harassments and gifts or promised [sic] of other benefits." (Motion for Reconsideration 2, ECF No. 139.) Plaintiff submits declarations from inmates Abeyta, Cagadas, Serrano, Reeder, Villiers, Wellwood, and Umanzor. The Court has previously granted Plaintiff's request to have inmates Abeyta, Cagadas, Serrano, and Umanzor transported to testify at trial.

Defendants argue that Plaintiff has not shown that the additional inmates have any relevant, non-duplicative testimony; allowing the inmates to testify by video conference limits the jury's ability to observe the witness' demeanor and assess credibility; video conference equipment is either unavailable or unreliable at the institutions where the inmates are housed; and Plaintiff has not presented new facts or law, or shown that the prior order was based on mistake or clear error. Plaintiff filed a reply on July 12, 2011, arguing that Defendants arguments are frivolous and his motion should be granted.

---

[1] Plaintiff includes Inmate Valfana in his motion for reconsideration, however the motion for his attendance has already been granted.

### A. Legal Standard

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Since this action was reassigned to the undersigned after Plaintiff's motion for the attendance of incarcerated witnesses was decided, the Court shall exercise its discretion and reconsider the motion for attendance of inmates Villiers, Reeder, Wellwood, and Exmundo.

### B. Video Appearance

While Plaintiff requests that the witnesses be allowed to testify by video to address the security and cost concerns, Defendants object. Federal Rule of Civil Procedure 43(a) provides:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Defendants' objections are are twofold: 1) the unavailability or unreliability of video conferencing at the prisons where the witnesses are housed; and 2) the jury will be unable to accurately access the credibility of the witnesses if they are allowed to testify by video. Given that the Defendants deny that events occurred that Plaintiff has alleged, the jury's decision will be based upon the testimony of witnesses. Since Defendants object to video testimony and Defendants will incur the cost of transporting the inmates, the Court will deny the motion to allow witnesses to testify by video.

### C. Transportation of Incarcerated Witnesses

In determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until

the inmate is released without prejudice to the cause asserted.[2] Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by* Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995).

### 1. Inmate Villiers

Inmate Villiers, D-96687, was a porter in the dayroom and observed what occurred from the time Defendants entered Plaintiff's cell until he was dragged to the rotunda. The testimony of Inmate Villiers will further the resolution of the action. Inmate Villers observed Defendants Greene, Rangel and Cano stomp on the back of Plaintiff's head and back, while pulling Plaintiff's arms above his head. Inmate Villers heard Plaintiff scream, begging them to stop and heard a heavy set correctional officer say, "602 that bitch," while kicking Plaintiff. Inmate Villiers is currently housed at R.J. Donovan in San Diego. Granting Plaintiff's request to allow this inmate to testify would require transferring him to a facility closer to the courthouse. Since Inmate Villiers' testimony is relevant and based upon his observations of the incident at issue in this action, Plaintiff's motion to transport inmate Villliers shall be granted.

### 2. Inmate Reeder

In his original motion Plaintiff failed to include any information regarding the testimony of Inmate Reeder, H-73687. Plaintiff has included a declaration from the witness in his motion for reconsideration. Inmate Reeder was taking a shower and observed Defendants Green, Rangle and Cano stomp on Plaintiff's back, neck, and head, and pulling his arms up over his head while Plaintiff screamed in pain. Inmate Reeder is housed at High Desert State Prison "HDSP" in Susanville. Granting Plaintiff's request to transport Inmate Reeder would require that he be transported to an institution closer to the courthouse. While the testimony of Inmate Reeder is similar to that of other

---

[2]The Court has no information before it concerning the security risks or the inmates' release dates, if any. Therefore, those factors will not be considered in deciding Plaintiff's motions. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

potential witnesses, he did observe the incidents at issue in this action. Inmate Reeder's testimony will further the resolution of this action, and the Court will grant Plaintiff's request to transport Inmate Reeder for trial.

### 3. Inmate Wellwood

Inmate Wellwood, T-37350, saw Defendants dragging Plaintiff across the dayroom floor on his stomach, but once they reached the breezeway his view was blocked. Inmate Wellwood is currently housed at Mule Creek State Prison "MCSP". Granting Plaintiff's request to transport Inmate Wellwood would require that he be transported to an institution closer to the courthouse.

Plaintiff's request to transport witnesses includes multiple witnesses that will testify to the fact that he was pulled across the dayroom floor. Inmate Wellwood's testimony is limited to this single fact as he did not observe anything that occurred after Defendants dragged Plaintiff to the breezeway. Since the testimony offered by Inmate Wellwood is cumulative and limited to a single observation the inconvenience and expense of transporting him for trial is outweighed by any benefit he could provide. Plaintiff's motion to transport Inmate Wellwood is denied.

### 4. Inmate Exmundo

Inmate Exmundo, H-25509, currently housed at Pleasant Valley State Prison, was not present and cannot testify to any of the incidents at issue in this action. Plaintiff intends to call Inmate Exmundo to testify as a rebuttal witness that in retaliation for Inmate Exmundo filing grievances and lawsuits, prison officials have filed rule violation reports against him that have been dismissed, false information has been written in his medical file, and he has observed other incidents of excessive force and retaliation against Plaintiff after this action was filed.

Subject to limited exceptions that do not apply in this case, "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . . ." Fed. R. Evid. 404(a). Generally, character evidence is not admissible in a civil rights trial, Gates v. Rivera, 993 F.2d 697, 700 (9th Cir. 1993), and evidence of specific acts is not admissible to show the character of a witness, U.S. v. Hedgcorth, 873 F.2d 1307,1313 (9th Cir. 1989)

If Plaintiff intends to introduce evidence of continued misconduct by Defendants toward him,

5

Plaintiff would be able to testify to such acts to the extent that such evidence may be relevant. Since inmate Exmundo does not have any personal knowledge of the events at issue in this action, the inconvenience and expense of transporting him for trial is outweighed by any benefit he could provide and Plaintiff's motion to transport Inmate Exmundo is denied.

**5.   Inmate Noble**

Although Plaintiff does not specifically request that the Court reconsider the attendance of inmate Noble, it appears from the motion that Plaintiff intends to have him testify. Plaintiff's motion for the attendance of inmate Noble was denied because he failed to demonstrate that inmate Noble had personal knowledge of the incidents alleged in this action. Plaintiff's motion for reconsideration fails to provide any additional information to correct this deficiency. To the extent that Plaintiff is requesting reconsideration of the attendance of inmate Noble, the request is denied.

**III.   Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed July 5, 2011, is GRANTED;
2. Plaintiff's motion for the attendance of incarcerated witnesses is GRANTED IN PART AND DENIED IN PART as follows;
   a. Plaintiff's motion for the attendance of Inmates R. Cagadas, C-17947; B. Abeyta, P-61896; M. Valfauna, J-22618; A. Serrano, J-27946; Washington, V-23320; Villiers, D-96687; Umanfor, J-80196; and Reeder, H-73687; is GRANTED;
   b. Plaintiff's motion for the attendance of inmates L. Tobey, P-15704; W. Milton, D-01346; E. Baurer, V-01219; J. Noble, K-12864; V. Morales, D30561; M. Samano, K-59319; Weaver, E-74285; M. Wellwood, T-37350; and E. Exmundo, H-25509; is DENIED;
   c. Within fifteen days from the date of service of this order, Plaintiff is to notify the Court of the order that he intends to call his witnesses so that transportation of the inmates can be arranged; and
3. The writs to transport Plaintiff and Inmates R. Cagadas, C-17947; B. Abeyta, P-

61896; M. Valfauna, J-22618; A. Serrano, J-27946; Washington, V-23320; Villiers, D-96687; Umanfor, J-80196; and Reeder, H-73687; shall be issued closer to the date of trial.

IT IS SO ORDERED.

Dated:   **August 8, 2011**                    /s/ **Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE