# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY H. BRUSH,<br><br>            Plaintiff,<br><br>    v.<br><br>J. WOODFORD, et al.,<br><br>            Defendants. | CASE NO. 1:07-cv-01009-DLB PC<br><br>ORDER DENYING MOTION FOR TRANSCRIPTS<br><br>(ECF Nos. 215, 220) |

Plaintiff Gary H. Brush ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Following an order to show cause hearing this action was dismissed on November 1, 2011, as a sanction for Plaintiff filing false declarations in support of his motion for the attendance of incarcerated witnesses.  Plaintiff filed an appeal on November 21, 2011.  On November 8, 2011, Plaintiff filed a request for transcripts and on February 7, 2012, Plaintiff filed a motion for transcripts.

Initially, in Plaintiff's request for transcripts filed November 8, 2011, he requests a copy of the Rules of Civil Procedure showing the alternatives available when an action has been dismissed with prejudice and seeks advice on whether he can appeal the decision to the District Court Judge or the Ninth Circuit.  Since Plaintiff has filed an appeal with the Ninth Circuit these requests are denied as moot.

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense.  See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir.1991) (subsequent history omitted).  Two statutes must be considered whenever

the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct payment the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a substantial question. Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984). Based on Plaintiff's notice of appeal, the Court finds that the appeal does not present a substantial question and the request for a transcript at government expense is denied. Plaintiff may renew his request for a transcript at government expense with the appellate court by filing a motion there if he wishes.

In addition, Plaintiff is notified that the appellate court has access to the court's file in this case, and will request any necessary documents that are in the record directly from this court.

Based on the foregoing, Plaintiff's motions for a transcript of the order to show cause hearing are HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **February 13, 2012**                          **/s/ Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE