UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY H. BRUSH,<br><br>  Plaintiff,<br><br>  v.<br><br>J. WOODFORD, et al.,<br><br>  Defendants. | Case No. 1:07-cv-01009-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>ECF No. 224 |

Plaintiff Gary H. Brush ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action. This action was set for jury trial. On October 19, 2011, the Court held an evidentiary hearing in this matter. The Court had received letters from three inmates, Vaifanua, Reeder, and Umanzor, who were proposed witnesses on Plaintiff's behalf. Plaintiff submitted affidavits allegedly signed by each witness stating that they had witnessed the alleged incident and would testify. The witnesses submitted letters indicating that they had no knowledge of the incidents alleged in this action.

On November 1, 2011, the Court issued an order dismissing this action with prejudice as a sanction for violation of Rule 11 of the Federal Rules of Civil Procedure for submitting false declarations. ECF No. 211. Plaintiff appealed this order on November 22, 2011. ECF No. 217. On November 20, 2012, the United States Court of Appeals for the Ninth Circuit affirmed the dismissal. ECF No. 226.

1

Pending before the Court is Plaintiff's motion for reconsideration, filed August 24, 2012. ECF No. 224. The matter is deemed submitted.

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. *Id.* Under Local Rule 230(j), applications for reconsideration require the moving party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original).

Plaintiff moves for the Court to conduct another evidentiary hearing. Plaintiff contends that witness Vaifanua was coerced into filing a letter with the Court that the declaration was false. Plaintiff contends that he has a second letter from Vaifanua which indicates that Vaifanua wished the Court to disregard his first letter. Plaintiff also contends that he has new evidence to undermine witness Umanzor's credibility, and evidence as to when witness Reeder's declaration was filed with the Court.[1]

First, Plaintiff's motion is unsigned and thus in violation of Rule 11(a) of the Federal Rules of Civil Procedure. Second, even if signed, Plaintiff has failed to demonstrate what new facts merit reconsideration of the Court's order. The Court relied upon the testimony of witness Reeder, who testified that he did not observe the incident and had not signed the affidavit. The affidavit was also

---

[1] Plaintiff had alleged that witness Reeder was transferred to another prison shortly after the incident. However, the alleged declaration from witness Reeder submitted by Plaintiff was dated eight months after the incident. Order 6:27-7:1, ECF No. 211.

not written by Reeder, as there was a clear difference in writing style between the alleged affidavit and the subsequent letter.  The Court also relied upon the testimony of witness Umanzor, who testified that the signature on the affidavit was not his, and the alleged factual statements were not true.  Plaintiff has multiple convictions for forgery and the signatures of both Reeder and Umanzor appeared forged.  The Court did not rely upon witness Vaifanua's testimony in deciding to impose sanctions. Plaintiff's alleged new evidence does not merit reconsideration.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed August 24, 2012, is denied.

IT IS SO ORDERED.

Dated:   **January 10, 2013**                              /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE